UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| ALBERTO RAFAEL ORTIZ MOLINA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:26-cv-00097-SCM |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| JAILER JASON MAYDAK, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Alberto Rafael Ortiz Molina, through his "next friend," Karla Marilu Franco Mena, recently purported to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 as well as several emergency motions relating to the habeas Petition.  [Dkt. 1; Dkt. 2; Dkt. 3; Dkt. 4; Dkt. 5].  Upon reviewing the Petition under 28 U.S.C. § 2243 and Rules 1(b) and 4 of the Rules Governing § 2254 Cases, it appeared to the Court that no relief could be granted under the Petition because it was filed by an individual who is neither the Petitioner himself nor an attorney who is authorized to practice in this Court or seeking authorization to practice before this Court.  Accordingly, this Court ordered the Petitioner to show cause by March 26, 2026, why this action should not be dismissed on those grounds.  [Dkt. 7].  The Court also informed the Petitioner that dismissal could be avoided if a licensed attorney entered an appearance on his behalf.  [*Id.*].

On March 31, 2026, the Petitioner filed an untimely pro se response in his own

name arguing that the assistance of his "next friend" was previously necessary due to his fear of retaliation while he remained in detention. [*See generally* Dkt. 9]. Despite the Court's prior Order, [*see* Dkt. 7 at 3], the Petitioner's response was not in the form of a "memorandum explaining the Petitioner's position with citations to appropriate legal authority," nor did the response "address whether Karla Marilu Franco Mena is a licensed attorney" or "whether she meets the requirements for 'next friend' standing." The Petitioner simultaneously filed a new pro se emergency motion seeking a stay of his removal proceedings. [Dkt. 10]. The Petitioner neither followed this Court's prior instructions, nor filed an amended Petition in his own name, nor retained counsel authorized to practice before this Court.

The Petitioner's "next friend," who prepared and signed the Petition, does not appear to be a licensed attorney. The Court's show-cause order specifically instructed the Petitioner to address whether his "next friend" who prepared and signed the Petition is a licensed attorney, [*see* Dkt. 7 at 3], but his response is silent on the issue. So the Court must assume that the "next friend" is not a licensed attorney. And that means the Petition is fatally defective. *See Miller Leon through Dona v. U.S. Dep't of Homeland Sec.*, No. 26-CV-00200-BAS-MMP, 2026 WL 112049, at *1 (S.D. Cal. Jan. 14, 2026) (summary dismissal of such a Petition is appropriate unless an attorney "also appear[s] on [the "next friend's"] behalf" or unless the Petitioner "file[s] his own Petition and appear[s] pro se on his own behalf.").

Because the Petition in this case was "prepared and signed by a Next Friend [an alleged romantic partner] who is not a member of the Bar or authorized to practice

2

law in this Court," the Petition should be dismissed.  *Moya-Carderin v. Dir., Immigr. & Customs Enf't*, No. 3:25-cv-509, 2026 WL 331259, at *1 (W.D. Pa. Feb. 6, 2026).  "A non-attorney cannot represent another party, even if acting as a next friend."  *Moya-Carderin v. Dir., Immigr. Customs Enf't*, No. 3:25-CV-509-KAP, 2026 WL 331630, at *1 (W.D. Pa. Jan. 14, 2026), *report and recommendation adopted*, No. 3:25-cv-509, 2026 WL 331259 (W.D. Pa. Feb. 6, 2026).  This Court cannot permit the unauthorized practice of law.  *Cf. Cavanaugh ex rel. Cavanaugh v. Cardinal Loc. Sch. Dist.*, 409 F.3d 753, 756 (6th Cir. 2005) ("That a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Moreover, "the signing and filing of a pleading on behalf of another person by one who is not a qualified attorney makes that pleading ineffective to vest a court with jurisdiction and warrants that such a pleading be dismissed."  *Jones v. Fletcher*, No. 05-cv-07-JMH, 2005 WL 1175960, at *5 (E.D. Ky. May 5, 2005) (citing *Theriault v. Sibler*, 579 F.2d 302, 302 n.1 (5th Cir. 1978); *Scarrella v. Midwest Fed. Sav. Loan*, 536 F.2d 1207, 1209 (8th Cir. 1976); *McKinney v. DeBoard*, 507 F.2d 501, 503 (9th Cir. 1974)); *see also United States v. Davis*, No. CRIM.A. 5:02-111-JMH, 2012 WL 540562, at *1 (E.D. Ky. Feb. 17, 2012) (same).

For these reasons, summary dismissal of the Petition is appropriate under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases (which applies to § 2241 cases pursuant to Rule 1(b)).  However, "[t]he dismissal of this matter should be

3

without prejudice to [the Petitioner] filing an adequate petition to be considered on the merits when and if appropriate." *Moya-Carderin,* 2026 WL 331630, at *1. The Petitioner is free to retain counsel to prepare a proper petition, and he is also free to file a new petition in his own name. He may not, however, have an individual who is not a licensed attorney file a petition on his behalf as his "next friend," as he did here.

Accordingly, **IT IS ORDERED** as follows:

1)      The Petition, [Dkt. 1], is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

2)      The Petitioner's pending motions, [Dkt. 2; Dkt. 3; Dkt. 4; Dkt. 5; Dkt. 10], are **DENIED AS MOOT**.

3)      A separate Judgment will be entered.

Signed this 3rd day of April, 2026.



S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky